IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-CV-805-WYD-PAC

ROBERTO A. DAVIS,

    Plaintiff(s),

v.

POST TENSION OF NEVADA, a Nevada corporation,

    Defendant(s).

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend Complaint [Fed.R.Civ.P. 15(a)] and Certificate of Compliance [D.C.Colo.L.Civ.R. 7.1A], filed October 24, 2005, ("Motion for Leave"), and Defendant's Unopposed Motion for Extension of Time to File Reply and Certificate of Compliance with Local Rule 7.1, filed November 4, 2005.

Plaintiff initially filed his Complaint in this action on April 29, 2005.  Defendant filed a Motion to Dismiss or for Summary Judgment on July 27, 2005.  Shortly thereafter, Plaintiff filed an Amended Complaint on August 16, 2005, without seeking leave to amend pursuant to Fed. R. Civ. P. 15(a).  Defendant then filed a Motion to Dismiss the Amended Complaint on September 9, 2005.  On October 12, 2005, Plaintiff filed a Second Amended Complaint, again without seeking leave to amend pursuant to Rule 15(a).  Rather than withdraw the Second Amended Complaint, Plaintiff re-filed it on October 24, 2005, along with his Motion for Leave.  Defendant objects to the Motion

for Leave, and requests that the Second Amended Complaint filed October 12, 2005, and the Second Amended Complaint filed October 24, 2005, be stricken.

I agree with Defendant that both Second Amended Complaints were filed without prior leave of Court and after the deadline set forth in the Scheduling Order.  However, "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.'"  *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Defendant asserts that the successive complaints, while having the same fundamental legal defects, contain enough changes in the details of the alleged facts and the paragraphing to require revision to its Motion to Dismiss in order to make it applicable to the Second Amended Complaint.  Defendant also expresses concerns about the potential for delay should I accept the Second Amended Complaint and moot the current Motion to Dismiss.  While the Court is mindful of Defendant's concerns, in this case I cannot say that granting the Motion for Leave would cause such undue delay, or undue prejudice to the Defendant that would justify refusing Plaintiff's request for leave to amend.  Nor do I find that Plaintiff filed his Motion for Leave due in bad faith, or that the amendments would be futile.  *See Id.*; *see also Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990); *Brooks v. Bank of Boulder*, 911 F. Supp. 470, 473 (D. Colo. 1996).  Therefore, I find that the Motion for Leave should be **GRANTED**.  It is hereby

ORDERED that Plaintiff's Motion for Leave to Amend Complaint [Fed.R.Civ.P. 15(a)] and Certificate of Compliance [D.C.Colo.L.Civ.R. 7.1A], filed October 24, 2005, is **GRANTED** and Plaintiff's Second Amended Complaint, filed October 24, 2005, is

accepted for filing.  It is

FURTHER ORDERED that Plaintiff's Second Amended Complaint, filed October 12, 2005, is **STRICKEN**.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss or for Summary Judgment, filed July 27, 2005, is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss the Amended Complaint on September 9, 2005, is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendant's Defendant's Unopposed Motion for Extension of Time to File Reply and Certificate of Compliance with Local Rule 7.1, filed November 4, 2005, is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendant shall plead in response to the Second Amended Complaint within 10 days of the date of this Order.

Dated:  November 10, 2005

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          U. S. District Judge